UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

DAVID BANKHEAD #185982,

        Plaintiff,                CASE NO.: 2:07-CV-11225

vs.                                  HON. JOHN CORBETT O'MEARA
                                  MAG. JUDGE STEVEN D. PEPE

MSP MEDICAL HEALTH SERVICE, JMF, and
CAROL GRIFFES

        Defendant(s).
_____/

**REPORT AND RECOMMENDATION**

       Plaintiff filed this action on March 21, 2007, under 42 U.S.C. § 1983 asserting violations of his Eighth Amendment rights based on allegations that Defendants were deliberately indifferent to his serious medical needs. On July 6, 2007, Defendant Carol Griffes filed her Rule 56(b) motion for summary judgment claiming that Plaintiff has not exhausted his administrative remedies or stated a claim upon which relief can be granted (Dkt. #14). After granting Plaintiff an extension of time to respond (Dkt. #19), he filed his response in opposition to Defendant's motion on August 28, 2007 (Dkt. #21). All pretrial matters were referred to the undersigned on March 30, 2007 (Dkt. #6). For the reasons indicated below, it is **RECOMMENDED** that Defendant Griffes' motion for summary judgement be **GRANTED**. For similar reasons, it is also recommended that summary judgment be granted for Defendant "MSP Medical Health Service, JMF," (actually Correctional Medical Services) and that this case be **DISMISSED WITH**

1

PREJUDICE.[1]

I. **BACKGROUND**

*Factual Background*

Plaintiff is a prisoner at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan and has so for all relevant times to this lawsuit. He filed his *pro se* prisoner civil rights complaint pursuant to 42 USC § 1983 on March 21, 2007, asserting an Eighth Amendment claim against Defendant Carol Griffes, the Health Unit Manager at JMF, whose employment with JMF commenced in March 2007, as well as "MSP MEDICAL HEALTH SERVICE, JMF." Plaintiff alleges that since February 23, 2006, he has suffered from painful lumps under his skin, and has been denied medical treatment. The lumps were diagnosed as lipomas, a common, benign tumor composed of fatty tissue, which have subsequently been treated to assuage Plaintiff's discomfort. In his complaint, Plaintiff seeks injunctive relief in the form of an order for JMF to provide lab tests and x-rays to diagnose his condition and money damages for pain and suffering.

*Procedural Background*

On September 26, 2006, Plaintiff filed a grievance, JMF 2006-09-1888-12D3 in regards to the medical care of the limpomas pursuant to the MDOC grievance process. The grievance names Dr. Fatu at JMF alleging that he failed to provide sufficient medical care to adequately diagnose the lipomas. The treatment plan offered Plaintiff began with a Motrin presciption and ended with a surgical removal of the lumps. Plaintiff filed grievances through step 3 as required

---

[1] From subsequent filings, it is apparent that Plaintiff was attempting to serve Correctional Medical Services ("CMS"). See Dkt. #8, #9 & #11. From a review of the docket, it does not appear that CMS has been properly served as a defendant in this case. Nonetheless, as indicated below, it is recommended that Defendant MSP Medical Health Service JMF/CMS also be granted summary judgment and this case be dismissed with prejudice.

to exhaust his administrative remedies but failed to name Defendant Carol Griffes or CMS at any point during the grievance process.

**II.    ANALYSIS**

    **A.    Standards Of Review**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**B.      Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner to exhaust all administrative remedies before bringing a federal suit regarding prison conditions. 42 U.S.C. § 1997e(a). This requirement applies to all § 1983 claims that fall under "the definition of a 'civil action with respect to prison conditions' as set forth in 18 U.S.C.A. § 3626(g)(2)." *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999) (footnote omitted) (applying exhaustion requirement to prisoner's equal protection claim). That section provides:

> the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. . . .

18 U.S.C.A. § 3626(g)(2).

Pursuant to § 1997e(a), a prisoner may not bring a civil rights action regarding prison conditions unless administrative remedies have been exhausted. The PLRA provides in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-9 (2007). *See*, *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001) "exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief sought is not available in that grievance process." *See also, Woodford v. Ngo* 126 S. Ct. 2378,

4

2388 (U.S. 2006), which requires that inmates properly exhaust all administrative processes for resolving grievances.

The grievance policy in effect when Plaintiff filed his grievance required a minimum of information including the identification of the person complained of by name. "Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included."  PD 03.02.130(T).  Plaintiff argues that such a naming requirement is not necessary pursuant to *Jones v Bock, et al*, 127 S Ct 910 (2007), because of the Court's interpretation of a grievance procedure in effect at the time Jones filed his grievance, which did not have a naming requirement.  The *Jones* court ruled that the Sixth Circuit's judicially created naming rule could not be imposed on prisoners as part of the exhaustion requirement.  *Id*.

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

*Jones* at 923.

Yet, the MDOC grievance procedure in effect in the *Jones v. Bock* case has since been amended. The new Policy Directive 03.02.130, effective December 19, 2003, requires the "names of all those involved in the issue being grieved." It was in effect when Plaintiff filed his grievance on September 26, 2006. Plaintiff did not name Defendant Griffes or CMS in his grievances at any of the various steps. Because of this failure, Plaintiff has not properly

5

exhausted his administrative remedies against Defendant Griffes or Defendant "MSP MEDICAL HEALTH SERVICE, JMF."

## C. Failure to State a Claim pursuant to 42 U S C § 1983

Yet, even if Plaintiff had exhausted his claims, the claims against Defendant Griffes and Defendant "MSP MEDICAL HEALTH SERVICE, JMF" should be dismissed on the merits. Plaintiff claims a recent history of lipomas present under his skin, and sues Defendant on a theory of deliberate indifference in that Defendant Griffes failed to oversee the medical staff at JMF's Ambulatory Health Care Services directing the staff to care for Plaintiff. Yet, the elements of an Eighth Amendment deliberate indifference claim, as established under Supreme Court and Sixth Circuit precedent, are lacking in this case.

Deliberate indifference to the serious medical needs of prison inmates constitutes the unnecessary and wanton infliction of pain violative of the inmate's Eighth Amendment rights. An inmate suing under an Eighth Amendment deliberate indifference theory must demonstrate that his medical needs were serious and that the defendant acted with deliberate indifference to those serious medical needs. *Estelle v Gamble*, 429 US 97, 104-105 (1976). The Supreme Court has explained that deliberate indifference exists only when a defendant was aware of facts from which the inference could be drawn that a substantial risk of harm exists and the defendant drew the inference. *Farmer v Brennan*, 511 US 825, 837 (1994).

A medical need is serious if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention. *Carter v Chambers*, 408 F3d 305 (6th Cir. 2005), *Monmouth County Corr Inst Inmates v Lanzaro*, 834 F2d 326, 347 (3rd Cir. 1987), cert denied, 486 US 1006 (1988). As stated by the

United States Court of Appeals for the Sixth Circuit, "[k]nowledge of the asserted serious needs or circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v Madison County Fiscal Court*, 22 F3d 653, 660 (6th Cir. 1994). A defendant's knowledge of a serious risk of harm can be inferred from circumstantial evidence such as an inmate's exhibition of commonly known symptoms of a serious malady. *See Carter*, 408 F3d at 312.

The pleadings in this case do not support an Eighth Amendment deliberate indifference claim. First, there is a substantial question of whether Plaintiff suffered a "serious medical need" at the time that Defendant Griffes assumed the supervisory role as Health Unit Manager at JMF in March 2007. Plaintiff maintains that the lumps were very uncomfortable prior to their removal in June of 2007. Yet, even assuming the impairment was severe, there are no facts present that would support a finding that Defendant Griffes knew Plaintiff had a "serious medical need" during March 2007 when she began the job as manager of the health unit. *See Horn*, 22 F3d at 660. Furthermore, Defendant Griffes in her affidavit states that the medical service providers at JMF work for CMS, and while she supervised the nursing staff, she made no medical decisions nor had any authority to affect or override the medical decisions of physicians or physician assistants of CMS (Dkt. #14, Ex. 2). There has been no showing by Plaintiff that Defendant Griffes was involved in Plaintiff's treatment or had the authority or expertise to override a diagnosis or treatment plan made by a medical doctor.

Moreover, a private contractor like CMS cannot be vicariously liable in a § 1983 action under a theory of respondeat superior. *Holmes v Overton*, 2006 WL 2795459, * 5 (W.D. Mich. 2006); *Starcher v Correctional Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir. 2001). Rather,

liability must be premised on some policy that caused a deprivation of the Plaintiff's Eighth Amendment rights. *Id*. Moreover, the Plaintiff must demonstrate that the private company's conduct was deliberate; i.e., that it made a deliberate choice among various alternatives and that the policy caused the injury. *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1997); *Starcher,* 7 Fed. Appx. at 465. Here, Plaintiff has failed to demonstrate that he has suffered a "serious medical need" or that liability is premised on a CMS policy.

In this case, clearly established law dictates that Plaintiff demonstrate the existence of a serious medical need and Defendants knowledge and disregard of that need. Plaintiff has not alleged or presented facts sufficient to meet that burden. His Eighth Amendment deliberate indifference claim therefore must fail as a matter of law. Accordingly, all Defendants are entitled to summary judgement on the Eighth Amendment claim and it is **RECOMMENDED** that these claims be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that under 18 U.S.C. § 1367(c)(3) this Court decline to exercise any supplemental jurisdiction to the extent Plaintiff's complaint involves a Michigan tort or other state cause of action.

### III.   RECOMMENDATION

For the reasons indicated above, it is **RECOMMENDED** that Defendant Giffes' motion for summary judgement be **GRANTED**. It is **FURTHER RECOMMEND** that (1) Defendant "MSP Medical Health Service JMF"/ Correctional Medical Services also be granted summary judgment and this case be **DISMISSED** with prejudice on the Eighth Amendment claim, and (2) this Court decline to exercise any supplemental jurisdiction over state claims.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: September 26, 2007  s/Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2007 , I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to the following: Christine M. Campbell , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: David Bankhead #185982, Southern Michigan Correctional Facility, 4010 Cooper St., Jackson, MI 49201

                                                s/James P. Peltier

                                                James P. Peltier

                                                Courtroom Deputy Clerk

                                                United States District Court

                                                600 Church St.

                                                Flint, MI 48502

                                                810-341-7850